RECEIVED IN CLERK'S OFFICE





UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| *ex rel.* KIRK S. CORSELLO, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| LINCARE, INC., LINCARE | ) |
| HOLDINGS, INC., AMERICAN HOME | ) |
| PATIENT, INC., ROTECH, INC., and | ) |
| ALAN VARRAUX, M.D., | ) |
| | ) |
| Defendants. | ) |

Civil Action No. 1:98-CV-0204-ODE

## **FOURTH AMENDED COMPLAINT**

Plaintiff-Relator Kirk S. Corsello ("Relator") hereby files the following

Fourth Amended Complaint against Defendants Lincare, Inc., Lincare Holdings,

Inc. and Rotech, Inc. (collectively, "Defendants"), and alleges as follows:[1]

### **Jurisdiction and Venue**

1.    This action arises under the False Claims Act, 31 U.S.C. § 3729 *et seq.*

---

[1] This Fourth Amended Complaint is filed pursuant to the Court's September 9, 2003 Order granting Defendants' motions to strike and motions for more definite statement. The filing of this amended complaint does not constitute a withdrawal or abandonment of any claim against any party asserted in any previous complaint filed by Relator, and Relator reserves the right to assert error with respect to the Court's prior rulings regarding the sufficiency of such complaints.

2.    This Court has subject matter jurisdiction over this action pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1345.

3.    This Court has personal jurisdiction over the Defendants.

4.    Venue is proper in this district under 28 U. S. C. §§ 1391(b), and 1391(c), and under 31 U.S.C. § 3732(a).  At least one Defendant can be found, resides, and transacts business within the district, and the acts proscribed by the False Claims Act occurred within the district.

**The Parties**

5.    Defendant Lincare, Inc. is incorporated in the State of Delaware with its principal place of business at 1937 U.S. 19 N., Suite 500, Clearwater, Florida 33764. Its registered agent for service of process is C.T. Corp., 1200 S. Pine Island Road, Plantation, Florida 33324.

6.    Defendant Lincare Holdings, Inc. is incorporated in the State of Delaware with its principal place of business at 1937 U.S. 19 N., Suite 500, Clearwater, Florida 33764. Its registered agent for service of process is C.T. Corp., 1200 S. Pine Island Road, Plantation, Florida 33324.

7.    Defendants Lincare, Inc. and Lincare Holdings, Inc., are collectively referred to herein as "Lincare."

8.    Defendant Rotech, Inc. ("Rotech") is incorporated in the State of

Florida with its principal place of business at 4506 L.B. McCloud, Orlando, Florida 32811. Its registered agent for service of process is Usher Bryn, Esq., 2875 N.E. 190 First Street, Suite 802, Aventura, Florida 33180.

9.      Relator Kirk S. Corsello is a citizen of the United States. He formerly worked for Lincare as a Center Manager for the South Orlando Center from August 15, 1995 to December 19, 1997. Relator also worked for Rotech as Regional Sales Support person from August 7, 1998 to November 4, 1998.

### General Allegations

10.      At all times relevant to this complaint, the Medicare and Medicaid programs constituted a substantial source of revenue for Defendants.

11.      While working for Defendants, Relator became aware of specific ways in which Defendants would defraud the federal government in connection with the submission of Medicare or Medicaid claims for durable medical equipment ("DME") and related services.

12.      One way in which Defendants would commit such fraud was through the payment of illegal kickbacks to physicians in exchange for patient referrals. These illegal kickbacks included, but were not limited to, the following: (a) cash payments for referrals; (b) free tickets to professional sporting events; (c) provision of free patient services and tests by the DME companies on behalf of referring

-3-

physicians for which the referring physicians billed Medicare or private insurance carriers; (d) provision of free or below market value equipment or medicine to referring physicians by the DME companies; and (e) paid Medical Directorships for referring physicians.

13.     Other ways in which Defendants would defraud the government included the routine waiver of co-payments; the improper completion, alteration, or forging of certificates of medical necessity; the falsification of diagnoses and/or test results; the manipulation of tests to achieve a qualifying result; the qualification of patients by Defendants rather than an independent medical practitioner; sending refills of respiratory medicines to Medicare patients who already had a sufficient supply of respiratory medicine; and improperly "trolling" for new Medicare patients or for current patients to put on new Medicare-billable equipment.

14.     Rotech would also defraud the government by re-renting items of DME and billing Medicare after those items had been "capped" or fully paid for; billing Medicare for items of DME that were no longer being used by patients; charging Medicare more for DME than it charged private insurance companies, and improperly converting patients from lightweight wheelchairs to electric wheelchairs regardless of medical necessity.

15.     Lincare would also defraud the government by persuading physicians

-4-

to "unbundle" prescriptions for Albuterol and Ipotropium, allowing Lincare to bill Medicare for more money than if these medicines were prescribed together.

## Retaliation by Lincare

16.     Relator was employed by Defendant Lincare as a center manager in Orlando from August 15, 1995 to December 19, 1997.

17.     In his capacity as a center manager, Relator became aware of specific fraudulent acts and schemes perpetrated by Lincare through its employees.

18.     While working for Lincare, Relator also learned facts indicating that other suppliers of durable medical equipment engaged in the same fraudulent practices as did Lincare.

19.     Upon written invitation to all Lincare employees to report known or suspected fraud within Lincare to the corporate compliance department, Relator responded by reporting Medicare fraud and abuse in a certified-mail letter dated June 12, 1997 to Richard Butler. This letter was received and signed for on June 16, 1997. In the letter, Relator related his fear of retaliation.

20.     After bringing Medicare fraud and abuse to the attention of Lincare's compliance department, Relator was continually passed over for promotions and bonuses.

21.     Relator continued to report Medicare fraud and abuse within Lincare

in his Center Manager reports.

22.     Relator continued to investigate and acquire evidence of Medicare fraud within Lincare during his employment.

23.     After bringing Medicare fraud within Lincare to the attention of Lincare's compliance department and continuing to do so in his Center Manager reports, Relator was fired as a result of his lawful efforts to expose and rectify Medicare fraud within Lincare.

24.     All actions taken by Relator that gave rise to his discharge by Lincare were taken in an attempt to assure Lincare's compliance with Medicare rules and regulations.

25.     Relator was threatened and believed himself to be in personal danger for his investigations, discoveries, and exposure of fraud within Lincare.

26.     Lincare discharged Relator from his position as center manager in violation of 31 U.S.C. § 3730(h).

### Retaliation by Rotech

27.     Relator was employed by Defendant Rotech from August 7, 1998 to November 4, 1998 as a Regional Sales Support person.

28.     During his term of employment, Relator was pursuing this False Claims Act case against Rotech.  At the time of Relator's employment with Rotech,

this False Claims Act case was under seal.

29.     Rotech learned of this False Claims Act case, in which Rotech is a Defendant, while the case was under seal.

30.     Upon learning of this False Claims Act case filed against Rotech by Relator, Rotech fired Relator.

31.     Rotech discharged Relator in violation of 31 U.S.C. § 3730(h).

32.     Lincare, Inc. and Lincare Holdings, Inc. are vicariously liable for the actions of their subsidiaries, divisions, employees, officers, and directors.

33.     Rotech, Inc. and its parent company are vicariously liable for the actions of their subsidiaries, divisions, employees, officers, and directors.

## COUNT I

### FALSE CLAIMS ACT RETALIATION VIOLATION
### (LINCARE)

34.     Relator hereby incorporates and re-alleges paragraphs 1 through 33 as if fully set forth herein.

35.     Lincare terminated Relator in violation of 31 U.S.C. § 3730(h).

36.     Pursuant to this statute, Relator is entitled to be reinstated at the same level of seniority he would have enjoyed absent this termination; an award of two times the amount of back pay due plus interest; compensation for special damages;

and litigation costs and reasonable attorney's fees.

## COUNT II

### FALSE CLAIMS ACT RETALIATION VIOLATION
### (ROTECH)

37.     Relator hereby incorporates and re-alleges paragraphs 1 through 33 as if fully set forth herein.

38.     Rotech terminated Relator in violation of 31 U.S.C. § 3730(h).

39.     Pursuant to this statute, Relator is entitled to be reinstated at the same level of seniority he would have enjoyed absent this termination; an award of two times the amount of back pay due plus interest; compensation for special damages; and litigation costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Relator prays for judgment:

(a)     ordering Defendants Lincare and Rotech to reinstate Relator with the level of seniority he would have but for the discrimination; pay two times the amount of back pay due to Relator, plus interest; and compensate Relator for special damages, litigation costs and reasonable attorneys fees; and

(b)     granting such other relief as the Court may deem just and proper.

Respectfully submitted,

James B. Helmer, Jr.
Frederick M. Morgan, Jr.
Robert M. Rice
HELMER, MARTINS & MORGAN CO. L.P.A.
Fourth & Walnut Centre, Suite 1900
105 East Fourth Street
Cincinnati, Ohio  45202
Telephone:  (513) 421-2400


Scott A. Powell
Don McKenna
HARE, WYNN, NEWELL & NEWTON, LLP
The Massey Building, Suite 800
2025 Third Avenue North
Birmingham, AL 35203-3713
Telephone: (205) 328-5330


Mike Bothwell (069920)
G. Mark Simpson (647725)
BOTHWELL & SIMPSON, P.C.
304 Macy Drive
Roswell, GA 30076
Telephone: (770) 643-1606

Counsel for Plaintiff/Relator, Kirk M. Corsello

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA                )
*ex rel.* KIRK S. CORSELLO, *et al.*,       )
                                        )
            Plaintiffs/Appellants,      )
                                        )
      v.                                )    Civil Action No.
                                        )    1:98-CV-0204-ODE
                                        )
LINCARE, INC., *et al.*,                )
                                        )
            Defendants/Appellees.       )
_____ )

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon all counsel of record by placing a copy in the U.S. mail, postage prepaid addressed as follows:

Martha Purcell Rogers, Esquire
Nancy Silverman, Esquire
Over, Kaber, Grimes & Shriver
Suite 500
1401 H Street, N.W.
Washington, D.C.  20005-2110

Mina Rhee, Esquire
Assistant United States Attorney
Richard Russell Building
Suite 600
75 Spring Street, S.W.
Atlanta, Georgia 30303

Laurie Oberembt, Esquire
U.S. Department of Justice
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, D.C.  20044

Jerry L. Sims, Esq.
Sims, Moss, Kline & Davis, LLP
Suite 310, 400 Northpark Town Center
1000 Abernathy Road, N.E.
Atlanta, GA  30328

John G. Malcolm, Esq.
Malcolm & Schroeder, LLP
One Securities Centre, Suite 1050
3490 Piedmont Road, N.E.
Atlanta, GA  30305

Robert L. Harding
Railey & Harding, P.A.
20 North Eola Drive
Orlando, Florida 32801

John E. Floyd, Esq.
Lynn M. Adam, Esq.
Bondurant, Mixson & Elmore
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30335

Elizabeth C. Helm, Esq.
Holland & Knight, LLP
Suite 2000, One Atlantic Center
1202 West Peachtree, N.E.
Atlanta, Georgia 30309

Steven D. Gordon, Esq.
Sam J. Salario, Jr., Esq.
Holland & Knight, LLP
2100 Pennsylvania Avenue, N.W.
Suite 400
Atlanta, Georgia 30335

Alan Varraux, MD
60 W. Columbia Street, Suite F
rlando, FL 32906

This 24th day of October, 2003.