FILED IN CLERK'S OFFICE
U.S.D.C.-Atlanta

JUN 21 2005

LUTHER D. THOMAS, CLERK
By: [signature]
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KIRK S. CORSELLO,

    Plaintiffs

v.

LINCARE, INC.; LINCARE
HOLDINGS, INC.; ROTECH, INC.;
ROTECH MEDICAL CORP.; AMERICAN
HOMEPATIENT, INC.;and
ALAN VARRAUX, M.D.,

    Defendants

CIVIL ACTION NO.
1:98-CV-204-ODE

ORDER

This civil action, filed pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq., is before the Court on Plaintiff's Second Motion for Reconsideration [Doc. No. 236] and Defendants Lincare, Inc. and Lincare Holding, Inc.'s Motion for Protective Order [Doc. No. 232]. For the reasons stated below, Plaintiff's motion is DENIED, and Defendant's motion is DISMISSED as MOOT.

I. Background

Plaintiff Kirk Corsello[1] filed this FCA action on January 22, 1998, alleging that over fifty defendants engaged in Medicare fraud against the United States. Plaintiff further alleged that he was wrongfully terminated in retaliation for the filing of this

---

[1]This claim was originally brought as a qui tam action and Corsello was listed as relator. All claims brought on behalf of the United States having been dismissed, however, the Court will refer to Corsello as "Plaintiff" in this action.

suit. The United States declined to intervene, and Plaintiff elected to continue this litigation on his own. Between January 1998 and January of 2000, Plaintiff twice amended his complaint.

In an Order dated March 9, 2001, the Court dismissed with prejudice Plaintiff's Second Amended Complaint. The Court held that Plaintiff's "second amended complaint [fell] short of compliance with the requirements of Rule 9(b)" because it "[did] not adequately specify the what, when, and where of any allegedly fraudulent schemes." Order, March 9, 2001, at 14.

On October 18, 2002, Plaintiff filed his First Motion for Reconsideration. On June 2, 2003, the Court granted in part and denied in part Plaintiff's motion. While the Court reinstated Plaintiff's employment claims against Lincare[2] and Rotech,[3] it reaffirmed its prior dismissal of Plaintiff's substantive FCA claims and denial of Plaintiff's motion to file an amended complaint. The Court denied Plaintiff's motion with respect to Plaintiff's substantive FCA claims on the grounds that: (1) there had been no intervening change in the law to justify reconsideration; (2) Plaintiff waited too long (more than 5 months) after the Eleventh Circuit's decision in United States ex rel. Clausen v. Lab Corp. Of Am., Inc., 290 F.3d 1301 (11th Cir.

---

[2]Plaintiff has never distinguished between Defendants Lincare, Inc. and Lincare Holdings, Inc.. For purposes of simplicity, the Court will refer to these Defendants jointly as "Lincare" and refer to the Defendants separately only when distinction is required.

[3]Plaintiff originally named only Rotech, Inc. as a Defendant. On December 23, 2004, Rotech Medical Corporation was added as a Defendant in this action by consent. These two entities will be referred to, collectively, as "Rotech."

2002) to file his motion; (3) Plaintiff did not explain why he failed to allege the added detail of the proposed third amended complaint in any of the three previous complaints; and (4) Plaintiff's proposed third amended complaint still failed to satisfy Rule 9(b). Order, June 2, 2003, at 16.

On February 24, 2005, more than 20 months after the Court's June 2, 2003 Order on Plaintiff's First Motion for Reconsideration, Plaintiff filed his Second Motion for Reconsideration, asking this Court to re-examine its decision that he has not met the requirements of Rule 9(b) with respect to Plaintiff's substantive FCA claims.

On March 4, 2005, eight days after Plaintiff filed his Second Motion for Reconsideration, the parties voluntarily filed a Stipulation of Dismissal with Prejudice, which dismissed Plaintiff's employment claims against all Defendants with prejudice. On April 1, 2005, Plaintiff filed a Notice of Appeal, appealing to the Eleventh Circuit the March 9, 2001 and June 2, 2003 Orders of dismissal, "which were made final judgments by the Stipulation of Dismissal of the remaining claims." Plaintiff's case is currently before the Eleventh Circuit as case number 05-11868-A.

II. Discussion

    A. Plaintiff's Second Motion for Reconsideration

The general rule is that the filing of a notice of appeal, which Plaintiff did in this case on April 1, 2005, "normally divests the district court of jurisdiction over matter concerned in the appeal and transfers jurisdiction over those matters to the

3

court of appeals." United States v. Rogers, 788 F.2d 1472, 1475 (11th Cir. 1986). "The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).

One policy reason for recognizing these exceptions is to prevent the use of appeal as a dilatory tactic. Rogers, 788 F.2d at 1475. Another is to minimize the possibility that two courts will render conflicting decisions simultaneously. The rule also serves to conserve judicial resources: if both courts' rulings are identical, then efforts have been needlessly duplicated, and if the rulings are dissimilar, the district court has wasted its time and effort.

The Eleventh Circuit, however, has identified several exceptions to this general rule. In all events, the district court will retain the authority to "act in the aid of the appeal, to correct clerical mistakes, or to aid in the execution of a judgment that has not been superceded." Showtime v. Covered Bridge Condominium Ass'n, 895 F.2d 711, 713 (11th Cir. 1990). More specific exceptions preserve district court jurisdiction over matters involved in the appeal where the appeal is from the denial of a defendant's frivolous double jeopardy motion, see Rogers, 788 F.2d at 1475; where the appeal is from a nonappealable order, see United States v. Hitchmon, 602 F.2d 689, 691 (5th Cir. 1979)(en banc); or where the appeal is by the government from a pretrial suppression order, and the district court retains jurisdiction for the purpose of dismissing the indictment, see United States v.

4

Gatto, 763 F.2d 1040, 1049 (9th Cir. 1985). Finally, a corollary to the general rule is that the district court will retain jurisdiction over matters not involved in the appeal. Diamond Waste, Inc. v. Monroe County, Georgia, et al., 869 F. Supp. 944 (M.D. Ga. 1994).

The Eleventh Circuit has held that district courts retain jurisdiction after the filing of a notice of appeal to entertain and deny a motion for reconsideration. Mahone v. Ray, 326 F.3d 1176, 1180 (11th Cir. 2003). As explained in Parks v. U.S. Life and Credit Corp., the Eleventh Circuit, along with other circuits and the commentators, has expressly recognized "power in the district court to consider on the merits," and deny a motion for reconsideration after a notice of appeal has been filed, "because the court's action is in furtherance of the appeal." Parks, 677 F.2d 838, 840 (11th Cir. 1982).

However, following the filing of a notice of appeal, district courts do not possess jurisdiction to *grant* a motion for reconsideration. Accordingly, a district court presented with a motion for reconsideration after a notice of appeal has been filed "should consider the motion and assess its merits." Mahone, 326 F.3d at 1180. The district court "may then deny the motion or indicate its belief that the arguments raised are meritorious." Id.. If the district court chooses the latter course, "the movant may then petition the court of appeals to remand the matter so as to confer jurisdiction on the district court to grant the motion." Id..

This Court, therefore, will consider Plaintiff's motion for reconsideration in furtherance of the appeal. First, the Court

5

notes that Plaintiff's Second Motion for Reconsideration is his third attempt to litigate the issue of whether the claims in his Second Amended Complaint are adequately pleaded and his second attempt to have the Court reconsider its dismissal of that complaint for failure to satisfy Fed. R. Civ. P. 9(b). Such serial motions for reconsideration are clearly prohibited by the Northern District of Georgia's Local Rules. Local Rule 7.2(E) reads as follows:

> **Motions for Reconsideration**. Motions for Reconsideration shall not be filed as a matter of routine practice. Whenever a party or attorney for a party believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the clerk of court within ten (1) days after entry of order or judgment. Responses shall be filed not later than ten (1) days after service of the motion. *Parties and attorneys for the parties shall not file motions to reconsider the court's denial of a prior motion for reconsideration.*

(Emphasis added). In addition, Plaintiff's Second Motion for Reconsideration is indefensibly late. Plaintiff filed this motion on February 24, 2005, almost four years after the March 9, 2001 Order dismissing Plaintiff's Second Amended Complaint and over 20 months after the Court's June 2, 2003 partial denial of Plaintiff's First Motion for Reconsideration. Furthermore, Plaintiff never moved for an extension of time to file his motion, exhibited a good faith attempt to comply with the 10-day limit, or demonstrated good cause for his delay.

Second, in addition to Plaintiff's blatant disregard of this Court's local rules, having read and considered Plaintiff's Second Motion for Reconsideration, this Court finds the motion to be entirely without merit. Plaintiff relies on an unpublished Eleventh Circuit opinion, Hill v. Morehouse Medical Associates,

6

No. 02-14429, 2003 WL 22019936 (11th Cir. 2003) (per curiam), in support of his position that this Court's application of Clausen was in error. In a footnote to the Hill opinion, the Eleventh Circuit clarified the pleading requirements as stated in Clausen:

> Failure to allege patient names and the exact dates that claims were submitted to the government, however, is not fatal to a claim under the FCA. Our precedent requires only that "a plaintiff . . . plead . . . the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." [Clausen], 290 F.3d at 1310 (internal quotation marks omitted). . . . Additionally, to require Hill to provide the exact dates that claims were submitted to the government would require that she violate patient confidentiality by copying private records. As we are not prepared to encourage violations of patient confidentiality, we find that Hill need not provide the exact dates that claims were submitted to the government to satisfy rule 9(b).

Hill, 2003 WL 22019936, at *5 n.8. Finding that the Hill plaintiff had satisfied Rule 9(b)'s pleading requirement, the Eleventh Circuit reversed and remanded the district court's dismissal of plaintiff's claim.

Because this Court never read Clausen to require Plaintiff to allege patient names and the exact dates that claims were submitted to the government, the Eleventh Circuit's decision in Hill does not undermine this Court's prior Orders. Consistent with Hill's reading of Clausen, this Court only required Plaintiff to "adequately specify the what, when, and where of any allegedly fraudulent scheme." Order, March 9, 2001, at 18. Moreover, the facts in Hill are readily distinguishable from this case. In Hill, the plaintiff "alleged that she observed . . . billers, coders, and physicians alter various CPT [current procedural terminology] and diagnosis codes . . . and thus submit false claims for Medicare reimbursements." Hill, 2003 WL 22019936, at

\*4. The Hill plaintiff was even able to provide "facts describing defendant's billing process, the specific CPT and diagnosis codes that were altered for each of the five billing schemes, and the frequency of submission of each type of claim. Id.. Throughout her complaint, the Hill plaintiff "identified the confidential documents within [defendant's] exclusive possession that contain[ed] additional evidence of the fraud." Id.. Unlike the plaintiff in Hill, Plaintiff Corsello's Second Amended Complaint made "sweeping allegations with little factual specificity." Order, March 9, 2001, at 14. Corsello "never sufficiently allege[d] the submission of a false claim for payment to the government, the sine quo non of a [FCA] violation." Id. at 15. Instead, Plaintiff sought to frame his FCA suit only by "generally alleging fraudulent practices which, in theory, *could* lead to the submission of false claims." Id. (emphasis added). In addition, unlike the plaintiff in Hill, Plaintiff Corsello never alleged that the information lacking here is exclusively held by Defendants so as to trigger a relaxed Rule 9(b) standard. The Court finds, therefore, that Plaintiff's reliance on Hill is unavailing.

To date, Plaintiff has had three opportunities to perfect his complaint. Additionally, this court has previously advised Plaintiff to comply with the requirements of Rule 9(b). See Order, June 18, 1999. Although "a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," the court need not provide Relator with unlimited opportunities to correct his complaint. Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991). This rule has

particular force where Plaintiff does not explain why he failed to allege the added detail of the proposed third amended complaint in any of the previous complaints.[4]

For the foregoing reasons, Plaintiff's Second Motion for Reconsideration is DENIED.

B. Defendant Lincare's Motion for Protective Order

After dismissing all of Plaintiff's claims other than two employment claims against Lincare and Rotech, on September 9, 2003, the Court ordered Plaintiff to provide a more definite statement of his two remaining employment claims. On September 29, 2004, Lincare filed its initial disclosures, identifying two of Plaintiff's personnel files as holding materials that Lincare may use to support its claims or defenses and stated that "copies of all non-privileged materials in [these] file[s] will be provided to Plaintiff." During production of these personnel files on October 15, 2004, Lincare inadvertently produced a single handwritten document from an attorney-client conversation that took place in December 1997. After learning of the disclosure, Lincare's counsel immediately contacted Plaintiff's attorneys in

---

[4]The Court has reviewed the factual materials submitted by Plaintiff in support of his motion. With the exception of one unnotarized declaration dated February 14, 2004, all of these materials were apparently available well before the Court's March, 9, 2001 dismissal. See witness statements submitted as Exhibits B (dated June 19, 2000), L (dated January 19, 1999), M (dated August 18, 1999), N (dated March 4, 1999), and O (dated March 12, 1999); medical records submitted as Exhibits P (copies dated from April 10, 1998 to March 12, 1999); Q (copies dated from October 21, 1998 to March 9, 1999), R (copies dated from July 13, 1998 to March 9, 2000), S (copies dated from June 2, 1998 to September 24, 1999), and T (copies dated from December 16, 1998 to October 21, 1999).

writing to explain the privileged nature of the disclosure and requested that Plaintiff's counsel return the document and all copies. On December 8, 2004, Plaintiff's counsel refused to return the document, arguing that "the production of the subject document waives the privilege with regard to any communication . . . regarding the termination of Kirk Corsello." Defendant Lincare filed a motion for a protective order regarding this document on January 28, 2005. Plaintiff has not filed a response in opposition.

The Court notes that the parties have since voluntarily dismissed the employment claims against Lincare and Rotech. Accordingly, Defendant Lincare's motion for protective order is hereby DISMISSED as MOOT.

III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration [Doc. No. 236] is DENIED; Defendants Lincare Inc. and Lincare Holding Inc.'s Motion for Protective Order [Doc. No. 232] is DISMISSED as MOOT.

The Court notes that although the Fifth Amended Complaint names Alan Varraux and American HomePatients, Inc. as Defendants, the body of Fifth Amended Complaint does not identify them as parties and makes no allegations against them. This Court having previously dismissed Plaintiff's substantive FCA claims against Alan Varraux and American HomePatients, Inc., see Order, March 9, 2001, and having denied both motions for reconsideration on this claim, there are no other pending claims against Alan Varraux and American HomePatients, Inc., even though the Stipulated Dismissal

of Plaintiff's Fifth Amended Complaint included only Defendants Lincare and Rotech. Accordingly, the Clerk is DIRECTED to enter judgment for all Defendants.

SO ORDERED, this 21 day of June, 2005.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE